UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

DAVID MYTYCH
712 H Street NE #1880
Washington, DC 20002,


Plaintiff,

v.                                    No

KEVIN L. GRIESS
Superintendent
National Mall and Memorial Parks
U.S. National Park Service
1100 Ohio Drive, S.W.
Washington, D.C. 20242,

DOUG BURGUM
U.S. Secretary of the Interior
1849 C Street, N.W.
Washington, D.C. 20240,

SEAN M. CURRAN
Director
United States Secret Service
245 Murray Lane, S.W.
Washington, D.C. 20223,

NATIONAL PARK SERVICE
1849 C Street, N.W.
Washington, D.C. 20240,


Defendants.

_____

Case: 1:26-cv-02332
Assigned To : Moss, Randolph D.
Assign. Date : 7/1/2026
Description: TRO/PI (D-DECK)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. This is a First Amendment case about whether the federal government may move peaceful political dissent so far away from a public July 4 event on the National Mall that the intended audience cannot see or hear it.

2. Plaintiff David Mytych applied to conduct a peaceful, stationary counter-demonstration on July 4, 2026, concerning the Freedom 250: Salute to America event, President Donald

1

RECEIVED

JUL 0 1 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

J. Trump's expected appearance, and the use of Independence Day as a political and personalized presidential spectacle.

3. Plaintiff does not seek to disrupt the event, block any entrance, exit, security checkpoint, emergency route, street, or sidewalk, or enter any genuinely restricted Secret Service protective zone.

4. Plaintiff seeks only a lawful location within meaningful sight and sound of the event audience, public entry queue, principal public access route, exit route, perimeter-adjacent sidewalk, or other event-related audience location.

5. NPS received Plaintiff's demonstration application, Application #26-1367, on June 22, 2026, at approximately 3:17 p.m. NPS did not deny the application within 24 hours. Under 36 C.F.R. § 7.96(g)(3), Plaintiff's application was deemed granted, subject to lawful limitations and restrictions applicable to the park area.

6. On June 25, 2026, NPS issued a letter partially denying Plaintiff's deemed-granted permit as to location. NPS invoked 36 C.F.R. § 7.96(g)(4)(vii)(A) and (C), citing the prior Freedom 250 permit, the event's infrastructure, anticipated attendance, and the National Security Special Event designation.

7. NPS offered McPherson Square as an alternate location. NPS later offered Indiana Plaza as another alternate location. Plaintiff objected that neither location provides meaningful sight-and-sound access.

8. On June 30, 2026, NPS confirmed that this was not merely a preliminary permit-office proposal. NPS wrote that, "[p]er the direction provided to me by Superintendent Griess and DOI Leadership, McPherson Square and Indiana Plaza are the designated first amendment areas on the 4th of July."

9. McPherson Square and Indiana Plaza are both more than one-half mile from any entrance to the Freedom 250 event, and neither location allows Plaintiff's message to reach the intended audience in any meaningful way.

10. NPS, Secretary Burgum, and Defendants may not avoid their constitutional obligations by pointing to the Secret Service as having the final say. If the Secret Service is the reason NPS and DOI refuse to provide a closer location, Defendants must identify the specific security boundary, closure order, map, authority, and reason no less restrictive alternative would work.

11. Plaintiff is also a member of Accountability NOW USA. Accountability NOW recently prevailed before this Court in Accountability NOW USA v. Griess, Case No. 1:26-cv-01385-RDM, a First Amendment case involving anti-Trump expression on NPS-managed land. Plaintiff does not ask this Court to find retaliatory motive as a final factual determination on the current emergency record. But his affiliation with Accountability NOW, the timing, the same NPS land-management context, the same anti-Trump viewpoint, and the recent injunction make his concern about viewpoint discrimination objectively reasonable.

12. Plaintiff seeks declaratory and injunctive relief requiring Defendants to provide a constitutionally adequate demonstration location within meaningful sight and sound, or to provide a specific, written, evidence-based, content-neutral, narrowly tailored explanation why no closer location can safely accommodate his peaceful demonstration.

## JURISDICTION AND VENUE

13. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.
14. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, Federal Rule of Civil Procedure 65, and its inherent equitable authority.
15. Venue is proper in this district under 28 U.S.C. § 1391(e) because Defendants are federal officials and agencies, the relevant events occurred in the District of Columbia, and the requested demonstration would occur on federal parkland in the District of Columbia.

## PARTIES

16. Plaintiff David Mytych is an individual. His mailing address is 712 H Street NE #1880, Washington, DC 20002. Plaintiff is a peaceful demonstrator and member of Accountability NOW USA.
17. Defendant Kevin L. Griess is the Superintendent of National Mall and Memorial Parks, a unit of the National Park Service. He is sued in his official capacity.
18. Defendant Doug Burgum is the Secretary of the Interior. He is sued in his official capacity.
19. Defendant Sean M. Curran is the Director of the United States Secret Service. He is sued in his official capacity.
20. Defendant National Park Service is a federal agency within the United States Department of the Interior.

## FACTUAL ALLEGATIONS

21. Plaintiff seeks to conduct a peaceful First Amendment counter-demonstration on July 4, 2026, concerning the Freedom 250: Salute to America event, President Trump's expected appearance, and the use of July 4 as a political and personalized presidential spectacle.
22. Plaintiff's message is not anti-American, anti-Independence Day, or anti-military. Plaintiff's message is that Independence Day belongs to the people and should not be converted into a personal, partisan, authoritarian, or presidential loyalty event.
23. Plaintiff expects up to 200 participants and is prepared to provide marshals and comply with reasonable content-neutral safety restrictions.
24. Plaintiff is willing to use handheld signs only, no stakes, no frames, no gas or propane generator, a reduced footprint if necessary, and no obstruction of entrances, exits, checkpoints, emergency lanes, roadways, or ordinary pedestrian movement.
25. Plaintiff's corrected operational schedule is: setup begins at 3:00 p.m.; the demonstration begins at 7:00 p.m.; and the demonstration ends at 11:59 p.m.
26. On June 22, 2026, at approximately 3:17 p.m., Plaintiff submitted a demonstration application to NPS. The application number is NCA-NAMA-EVNT26-1367 and the submission ID is 1782155836526.
27. The application requested authorization for a peaceful, stationary First Amendment counter-demonstration for up to 200 participants within meaningful sight and sound of the July 4 event and Donald J. Trump's appearance.

3

28. The application did not propose an organized march, road closures, traffic management, tents, stages, tables, chairs, portable restrooms, jumbotrons, press risers, turf covers, food service, sales, or commercial sponsorship.

29. The application proposed handheld signs or placards, one electric generator, one banner or sign, a portable sound system, and volunteer marshals.

30. The application stated that participants would arrive and depart individually using ordinary lawful public access routes, and that the demonstration would not intentionally block emergency access, building entrances, security checkpoints, roadways, the Lincoln Memorial steps, or ordinary pedestrian flow.

31. The application requested that any alternative location offered by NPS be explained in writing and that NPS identify how the proposed alternative preserves meaningful sight-and-sound access.

32. On June 22, 2026, at approximately 3:45 p.m., Plaintiff emailed NPS to confirm submission of his application, identify the submission ID, preserve the deemed-granted deadline, request written reasons for any restriction, and request preservation of records.

33. NPS did not deny Plaintiff's application within 24 hours. Plaintiff's application was therefore deemed granted under 36 C.F.R. § 7.96(g)(3), subject to lawful limitations and restrictions.

34. On June 25, 2026, NPS issued a letter partially denying Plaintiff's deemed-granted permit as to location. The letter relied on the prior Freedom 250 permit, event infrastructure, anticipated attendance, and the National Security Special Event designation. The letter offered McPherson Square as an alternate site.

35. On June 26, 2026, NPS later offered Indiana Plaza as another alternate demonstration location.

36. Plaintiff repeatedly objected that McPherson Square and Indiana Plaza do not provide meaningful sight-and-sound access and asked NPS to identify the factual, legal, security, map, closure, or operational basis for refusing a closer location.

37. On June 30, 2026, NPS responded that Plaintiff's inquiries and concerns had been shared with leadership and that, "[p]er the direction provided to me by Superintendent Griess and DOI Leadership, McPherson Square and Indiana Plaza are the designated first amendment areas on the 4th of July."

38. NPS also stated that if neither DOI-designated First Amendment area was acceptable, Plaintiff should refer to the original letter and might want to contact MPD for an alternate location.

39. McPherson Square and Indiana Plaza are both more than one-half mile from any entrance to the Freedom 250 event and neither location provides meaningful sight-and-sound access to the event audience, public entry queue, principal access routes, exit routes, officials, speakers, media, or attendees.

40. As of filing, Defendants have not identified the closest feasible location to the event footprint, public entrance, exit route, public access route, or perimeter-adjacent sidewalk where Plaintiff may demonstrate.

41. As of filing, Defendants have not provided the map, closure order, Secret Service boundary, road-closure map, motorcade-related restriction, or other written operational basis on which they rely to exclude Plaintiff from any closer location.

42. Plaintiff is a member of Accountability NOW USA, which recently prevailed in this Court in Accountability NOW USA v. Griess, Case No. 1:26-cv-01385-RDM, a First Amendment case involving anti-Trump expression on NPS-managed land.

43. The current demonstration involves the same NPS land-management context, the same anti-Trump viewpoint, the same President, and the same broad reliance on security and permitting rationales to burden disfavored political expression.

44. The harm cannot be remedied after July 4, 2026. The demonstration concerns a specific event on a specific day. If Plaintiff is required to demonstrate at McPherson Square or Indiana Plaza, his intended audience will not see or hear the demonstration in any meaningful way.

## CLAIMS FOR RELIEF

### COUNT I
First Amendment: Free Speech and Assembly

45. Plaintiff incorporates all preceding paragraphs.

46. Plaintiff's proposed demonstration is protected speech, assembly, and petition activity.

47. Defendants' decision to offer only McPherson Square and Indiana Plaza burdens Plaintiff's protected speech.

48. Those locations are more than one-half mile from any entrance to the event and do not provide meaningful sight-and-sound access to the intended audience.

49. Defendants have not shown that their restriction is narrowly tailored, that no closer location can safely accommodate Plaintiff's peaceful demonstration, or that McPherson Square or Indiana Plaza leaves open adequate alternative channels of communication.

50. Defendants' actions violate the First Amendment.

### COUNT II
First Amendment: Viewpoint Discrimination and Retaliation

51. Plaintiff incorporates all preceding paragraphs.

52. Plaintiff's proposed demonstration criticizes President Trump, Freedom 250, and the political use of Independence Day.

53. Plaintiff is a member of Accountability NOW USA, which recently prevailed against NPS in a First Amendment case involving anti-Trump expression on NPS-managed land.

54. Defendants have offered only remote locations that prevent Plaintiff's message from reaching the intended audience and have not provided a specific, written, content-neutral, evidence-based explanation for refusing to provide a closer location.

55. To the extent Defendants have burdened Plaintiff's speech because of his viewpoint, message, criticism of President Trump, criticism of Freedom 250, opposition to the political use of Independence Day, or affiliation with Accountability NOW, Defendants have violated the First Amendment.

### COUNT III
Administrative Procedure Act

5

56. Plaintiff incorporates all preceding paragraphs.

57. NPS's June 25, 2026 partial denial letter, its offer of McPherson Square and Indiana Plaza, and the June 30, 2026 confirmation that Superintendent Griess and DOI Leadership directed that McPherson Square and Indiana Plaza are the designated First Amendment areas constitute final or reviewable agency action, or at minimum agency action subject to judicial review in connection with Plaintiff's constitutional claims.

58. The Administrative Procedure Act requires agency action not to be arbitrary, capricious, an abuse of discretion, contrary to constitutional right, or otherwise not in accordance with law.

59. NPS and DOI officials acting through Defendants failed to explain why no closer public entrance, public queue, exit route, public access route, perimeter-adjacent sidewalk, viewing corridor, or audience-connected location could accommodate Plaintiff's peaceful demonstration.

60. NPS and DOI officials acting through Defendants failed to identify the map, closure boundary, Secret Service restriction, capacity limit, resource-protection concern, double-occupancy issue, or legal authority on which they rely to exclude Plaintiff from any closer location.

61. Defendants' action is arbitrary, capricious, contrary to constitutional right, and not in accordance with law.

## PRAYER FOR RELIEF

Plaintiff respectfully asks this Court to:

A. Declare that Defendants' offer of McPherson Square and Indiana Plaza, without a specific showing that those locations preserve meaningful sight-and-sound access or that no closer location can safely accommodate Plaintiff's demonstration, violates the First Amendment;

B. Declare that Defendants may not deny Plaintiff meaningful sight-and-sound access based on his viewpoint, message, criticism of President Trump, criticism of Freedom 250, opposition to the political use of Independence Day, or affiliation with Accountability NOW USA;

C. Enter a temporary restraining order and preliminary injunction requiring Defendants to provide Plaintiff a July 4, 2026 demonstration location within meaningful sight and sound of the Freedom 250 event audience, public entry queue, principal public access route, exit route, perimeter-adjacent sidewalk, viewing corridor, or other event-related audience location;

D. Require Defendants to identify the closest feasible location where Plaintiff may conduct a peaceful demonstration of up to 200 people without materially interfering with Secret Service security, emergency access, pedestrian flow, or park-resource protection;

E. Require Defendants to provide any map, closure order, Secret Service request, security boundary, road closure, motorcade restriction, or other written operational basis relied upon to exclude Plaintiff from a closer location;

F. Award Plaintiff costs and any other relief the Court deems just and proper.

6

Dated: 7/1/26

Respectfully submitted,

David Mytych
712 H Street NE #1880
Washington, DC 20002
Email: dem259@gmail.com
Phone: 484-326-4432

Plaintiff Pro Se