UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID MYTYCH
712 H Street NE #1880
Washington, DC 20002,

Plaintiff,

v.                                        N

KEVIN L. GRIESS
Superintendent
National Mall and Memorial Parks
U.S. National Park Service
1100 Ohio Drive, S.W.
Washington, D.C. 20242,

DOUG BURGUM
U.S. Secretary of the Interior
1849 C Street, N.W.
Washington, D.C. 20240,

SEAN M. CURRAN
Director
United States Secret Service
245 Murray Lane, S.W.
Washington, D.C. 20223,

NATIONAL PARK SERVICE
1849 C Street, N.W.
Washington, D.C. 20240,

Defendants.

Case: 1:26-cv-02332
Assigned To : Moss, Randolph D.
Assign. Date : 7/1/2026
Description: TRO/PI (D-DECK)

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff David Mytych respectfully moves this Court, under Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, for a temporary restraining order and preliminary injunction requiring Defendants to provide him with a constitutionally adequate location for a peaceful First Amendment counter-demonstration on July 4, 2026.

Plaintiff seeks to demonstrate in response to the Freedom 250: Salute to America event on the National Mall, President Trump's expected appearance, and the use of the July 4 public civic commemoration as a political and personalized presidential spectacle. Plaintiff does not seek to

1

RECEIVED

JUL 0 1 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

disrupt the event, block any entrance, interfere with Secret Service screening, enter any genuinely restricted protective zone, or compromise public safety.

Plaintiff seeks only what the First Amendment requires: a location within meaningful sight and sound of the event audience, public entry queue, principal public access route, exit route, perimeter-adjacent sidewalk, or other event-related audience location.

NPS received Plaintiff's demonstration application, Application #26-1367, on June 22, 2026. The application requested a peaceful demonstration with up to 200 people on July 4, 2026, within sight and sound of the July 4 event and Donald Trump's appearance. NPS did not deny the application within 24 hours. Under 36 C.F.R. § 7.96(g)(3), the application was therefore deemed granted, subject to lawful limitations and restrictions.

On June 25, 2026, NPS issued a letter partially denying Plaintiff's deemed-granted permit as to location. NPS relied on 36 C.F.R. § 7.96(g)(4)(vii)(A) and (C), citing the prior Freedom 250 permit, event infrastructure, anticipated attendance, and the National Security Special Event designation. NPS offered McPherson Square as an alternate site. On June 26, 2026, NPS later offered Indiana Plaza as another alternate site.

Plaintiff objected that neither location provides meaningful sight-and-sound access. On June 30, 2026, NPS confirmed that, '[p]er the direction provided to me by Superintendent Griess and DOI Leadership, McPherson Square and Indiana Plaza are the designated first amendment areas on the 4th of July.'

Neither location is constitutionally adequate. McPherson Square and Indiana Plaza are both more than one-half mile from any public entrance to the Freedom 250 event, and neither permits Plaintiff's message to be seen or heard by event attendees in any meaningful way. Plaintiff repeatedly asked NPS whether it contends that either location provides meaningful sight-and-sound access. NPS has not provided a factual explanation showing how either location would allow Plaintiff to reach the intended audience.

Nor may NPS or DOI avoid their First Amendment obligations by pointing to the United States Secret Service as having the final say. NPS is the permitting authority that partially denied Plaintiff's deemed-granted permit and offered remote alternate sites. Superintendent Griess and DOI Leadership have now been identified as the officials who directed that McPherson Square and Indiana Plaza are the designated First Amendment areas. If the Secret Service has established specific security restrictions that prevent any closer location, Defendants must identify those restrictions, the legal authority for them, the relevant map or boundary, the locations considered, and the reasons less restrictive alternatives would not work.

This Court's recent decision in Accountability NOW USA v. Griess, Case No. 1:26-cv-01385-RDM, is also relevant. Plaintiff is a member of Accountability NOW USA. Accountability NOW recently prevailed before this Court in a First Amendment challenge involving NPS threats against anti-Trump expressive displays on NPS land. At minimum, that history reinforces the need for a specific, written, non-viewpoint-based explanation for any restriction that places Plaintiff outside meaningful sight and sound.

For these reasons, and those set forth in the accompanying memorandum, declaration, exhibits, and proposed order, Plaintiff respectfully asks the Court to enter a temporary restraining order

requiring Defendants to provide a location, on NPS administered land, within meaningful sight and sound of the Freedom 250 event audience, public entry queue, principal public access route, exit route, or other event-related audience location, unless Defendants can make a specific, written, evidence-based showing that no closer location can safely accommodate Plaintiff's peaceful demonstration.

Dated: 7/1/26

Respectfully submitted,

David Mytych
712 H Street NE #1880
Washington, DC 20002
Email: dem259@gmail.com
Phone: 484-326-4432

Plaintiff Pro Se

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID MYTYCH
712 H Street NE #1880
Washington, DC 20002,

Plaintiff,

v.                                    No. 1:26-cv-_____

KEVIN L. GRIESS
Superintendent
National Mall and Memorial Parks
U.S. National Park Service
1100 Ohio Drive, S.W.
Washington, D.C. 20242,

DOUG BURGUM
U.S. Secretary of the Interior
1849 C Street, N.W.
Washington, D.C. 20240,

SEAN M. CURRAN
Director
United States Secret Service
245 Murray Lane, S.W.
Washington, D.C. 20223,

NATIONAL PARK SERVICE
1849 C Street, N.W.
Washington, D.C. 20240,

Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### INTRODUCTION

This case is about whether federal officials may move peaceful political dissent so far away from a public event on the National Mall that the intended audience cannot see or hear it.

1

Plaintiff David Mytych seeks to conduct a peaceful July 4 counter-demonstration concerning the Freedom 250: Salute to America event, President Trump's expected appearance, and the use of Independence Day as a political and personalized presidential spectacle. His message is directed to the event, to President Trump, to the attendees, to the press, and to the public.

Plaintiff is not asking to enter a restricted protective zone. He is not asking to interfere with Secret Service screening. He is not asking to block any street, entrance, exit, emergency route, security checkpoint, or pedestrian path. He is willing to accept reasonable, content-neutral safety conditions, including marshals, handheld-only signs, a reduced footprint if necessary, no stakes, no frames, no gas generator, and no obstruction of public access.

NPS received Plaintiff's demonstration application on June 22, 2026. NPS did not deny it within 24 hours. Under 36 C.F.R. § 7.96(g)(3), the application was deemed granted, subject to lawful limitations and restrictions.

Two days later, NPS partially denied the application as to location. NPS offered McPherson Square and later Indiana Plaza. Plaintiff objected that both locations are more than one-half mile from any event entrance and that neither location provides meaningful sight-and-sound access.

NPS Permit Chief Marisa Richardson then confirmed that, '[p]er the direction provided to me by Superintendent Griess and DOI Leadership, McPherson Square and Indiana Plaza are the designated first amendment areas on the 4th of July.' That response makes the agency's position final for emergency purposes and attributes the decision to Superintendent Griess and DOI Leadership.

The First Amendment does not disappear because an event is large, presidential, or security-sensitive. The government may impose real security restrictions. But it must identify them, justify them, and tailor them. It cannot simply point to another agency and avoid judicial review.

## FACTUAL BACKGROUND

### I. Plaintiff's proposed demonstration

Plaintiff seeks to conduct a peaceful counter-demonstration on July 4, 2026, concerning the Freedom 250: Salute to America event, President Trump's expected appearance, and the use of Independence Day as a political and personalized presidential spectacle.

Plaintiff expects up to 200 participants. His setup begins at 3:00 p.m.; the demonstration begins at 7:00 p.m.; and the demonstration ends at 11:59 p.m. Plaintiff is prepared to provide marshals and comply with reasonable safety conditions.

### II. Plaintiff's application was peaceful, specific, and operationally reasonable

On June 22, 2026, Plaintiff submitted Application #26-1367. The application requested meaningful sight-and-sound placement near the event being countered and proposed a peaceful, stationary demonstration.

The application did not propose an organized march, road closures, tents, stages, food service, sales, or commercial sponsorship. It proposed handheld signs, one electric generator, one banner or sign, a portable sound system, and volunteer marshals.

### III. Plaintiff preserved the issue and NPS partially denied the location

On June 22 at approximately 3:45 p.m., Plaintiff emailed NPS to preserve the deemed-granted deadline and request written reasons for any restriction. NPS did not deny the application within 24 hours.

On June 25, NPS partially denied Plaintiff's deemed-granted permit as to location and offered McPherson Square. On June 26, NPS later offered Indiana Plaza. Plaintiff repeatedly objected that neither location provided meaningful sight-and-sound access.

### IV. Griess and DOI Leadership confirmed the remote speech zones

On June 30, NPS Permit Chief Marisa Richarsonstated that Plaintiff's concerns had been shared with leadership and that, per Superintendent Griess and DOI Leadership, McPherson Square and Indiana Plaza are the designated First Amendment areas on July 4.

That response still did not identify how either location provides meaningful sight-and-sound access, did not identify the closest feasible location, and did not identify a specific Secret Service closure boundary, map, legal authority, or less restrictive alternatives analysis.

## LEGAL STANDARD

A plaintiff seeking a temporary restraining order or preliminary injunction must show: (1) a likelihood of success on the merits; (2) likely irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008). The loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976). Public streets, sidewalks, and public gathering places occupy a special position under the First Amendment. United States v. Grace, 461 U.S. 171, 177-80 (1983); McCullen v. Coakley, 573 U.S. 464, 476 (2014). In a public forum, time, place, and manner restrictions must be content neutral, narrowly tailored to serve a significant governmental interest, and leave open ample alternative channels for communication. Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989). The D.C. Circuit has recognized the special First Amendment importance of demonstrations in Washington, D.C., where citizens seek to petition the national government. A Quaker Action Group v. Morton, 460 F.2d 854, 859 (D.C. Cir. 1971). NPS demonstration-permit rules must be administered uniformly and without discrimination. A Quaker Action Group v. Morton, 516 F.2d 717, 727 (D.C. Cir. 1975).

## ARGUMENT

### I. Plaintiff is likely to succeed on the merits

### A. Plaintiff's proposed demonstration is core political speech

3

Plaintiff seeks to engage in peaceful political speech on public land in the nation's capital on Independence Day. This is core First Amendment activity. Public streets, sidewalks, and public gathering places are traditional public forums or occupy a special First Amendment position. United States v. Grace, 461 U.S. 171, 177-80 (1983); McCullen v. Coakley, 573 U.S. 464, 476 (2014). The D.C. Circuit has also recognized the special importance of demonstrations in Washington, D.C., where citizens seek to petition the national government. A Quaker Action Group v. Morton, 460 F.2d 854, 859 (D.C. Cir. 1971).

## B. Plaintiff's application was deemed granted

NPS received Plaintiff's application on June 22, 2026. NPS did not deny it within 24 hours. Under 36 C.F.R. § 7.96(g)(3), Plaintiff's application was deemed granted, subject to lawful limitations and restrictions. NPS may impose lawful restrictions, but it may not convert a deemed-granted permit into a practical denial by offering only remote locations that prevent Plaintiff from communicating with the audience he seeks to address.

## C. The alternate locations are not constitutionally adequate

NPS invoked 36 C.F.R. § 7.96(g)(4)(vii)(A) and (C). Those provisions require NPS to propose an alternate site if available. In a First Amendment case, the alternate site must be meaningful. A remote site that cuts off the communication is not an adequate alternative channel.

Here, NPS offered McPherson Square and then Indiana Plaza. Then NPS confirmed that Superintendent Griess and DOI Leadership directed that those two locations are the designated First Amendment areas for July 4. Both are more than one-half mile from any entrance to the event. Neither provides meaningful sight-and-sound access to the Freedom 250 event, President Trump's expected appearance, the Washington Monument Grounds, public entry queues, principal access routes, or the intended audience.

## D. The government must preserve meaningful sight-and-sound access unless it can show a specific, narrowly tailored reason it cannot

The government may impose reasonable time, place, and manner restrictions in a public forum only if those restrictions are content neutral, narrowly tailored to serve a significant governmental interest, and leave open ample alternative channels for communication. Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989).

Security is a significant interest. Crowd control is a significant interest. Protecting the President is a significant interest. But those interests do not eliminate the narrow-tailoring requirement or the requirement that Plaintiff retain an adequate channel to reach the audience he seeks to address.

Defendants have not shown that no closer location exists. They have not identified the closure boundary on which they rely, the map they are using, the public entrances and queues, the closer locations considered, or why less restrictive alternatives would not work. Without that showing, moving Plaintiff more than one-half mile away is not narrow tailoring. It is exclusion.

## E. NPS and DOI cannot avoid judicial review by pointing to the Secret Service

4

NPS is the agency that received the application, applied 36 C.F.R. § 7.96, issued the partial denial, and offered the remote locations. NPS, Superintendent Griess, and DOI Leadership have now confirmed that McPherson Square and Indiana Plaza are the designated First Amendment areas. NPS and DOI therefore must defend that action.

The Secret Service may lead security for an NSSE. But a security lead is not a First Amendment veto that requires no explanation. If Secret Service restrictions require exclusion from closer locations, Defendants can submit the relevant facts to the Court, including the security boundary, closure order, legal authority, and reasons less restrictive alternatives would not work. They have not done so.

### F. NPS's own regulation undercuts a blanket exclusion theory

NPS's own regulatory scheme recognizes priority use for the Fourth of July Celebration in the Washington Monument Grounds and Lincoln Memorial Reflecting Pool area. But priority use is not exclusive use. The regulation expressly provides that "[o]ther demonstrations or special events are permitted in park areas under permit for the National Celebration Events" so long as they do not "significantly interfere" with those events. 36 C.F.R. § 7.96(g)(4)(iv).

Plaintiff is willing to accept reasonable content-neutral conditions to avoid significant interference. NPS has not shown that a peaceful, stationary demonstration of up to 200 people, subject to marshals, handheld-only signs, no stakes, no frames, no gas generator, no obstruction of entrances or exits, and a reduced footprint if necessary, would significantly interfere if placed near a public entrance, exit route, perimeter-adjacent sidewalk, public access route, or other meaningful sight-and-sound location.

### G. The recent Accountability NOW ruling heightens the need for scrutiny

The recent Accountability NOW USA v. Griess ruling is relevant because Plaintiff is a member of Accountability NOW, and that case involved the same NPS land-management context, the same anti-Trump viewpoint, and the same type of governmental burden on protected political expression.

In Accountability NOW USA v. Griess, No. 1:26-cv-01385-RDM, this Court held that Accountability NOW's challenged signs and flags were protected political expression and permanently enjoined Defendants from threatening to revoke Accountability NOW's demonstration permit based on those signs and flags, or substantially similar messages in a substantially similar context.

Plaintiff does not ask the Court to hold that Defendants are retaliating as a final factual matter. But the record supports a reasonable concern that viewpoint and association may be affecting the government's treatment of his application. At minimum, Defendants should be required to provide a specific, content-neutral, evidence-based explanation for relocating Plaintiff to sites more than one-half mile from any event entrance.

### II. Plaintiff will suffer irreparable harm without emergency relief

5

The loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976). Here, the injury is immediate and irreparable because the July 4 event occurs on a specific date, Plaintiff's speech is directed to that event and audience, and a later ruling cannot restore the lost opportunity to communicate with the intended audience.

### III. The balance of equities favors Plaintiff

Plaintiff seeks narrow relief. He does not seek to disrupt the event, enter a secure area, interfere with the Secret Service, or block streets, entrances, exits, emergency routes, or pedestrian flow. Defendants remain free to enforce legitimate security measures. They simply must do so in a way that complies with the First Amendment.

### IV. The public interest favors an injunction

The public interest favors free political expression on public land, especially in the nation's capital, especially on Independence Day, and especially when the government has invited the public to a large civic and political event. The requested injunction would not prevent Defendants from enforcing lawful security screening, protective perimeters, emergency access rules, or crowd-control measures. It would simply require Defendants to provide a constitutionally adequate location or explain, with specificity, why no closer location can safely be provided.

## REQUESTED RELIEF

Plaintiff respectfully requests that the Court enter a temporary restraining order and preliminary injunction requiring Defendants to provide Plaintiff a July 4, 2026 demonstration location within meaningful sight and sound of the Freedom 250 event audience, public entry queue, principal public access route, exit route, perimeter-adjacent sidewalk, viewing corridor, or other meaningful audience-connected location, unless Defendants can make a specific, written, evidence-based, content-neutral, narrowly tailored showing that no closer location can safely accommodate Plaintiff's peaceful demonstration.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks this Court to grant his emergency motion for a temporary restraining order and preliminary injunction.

Dated: 7/1/26

Respectfully submitted,

David Mytych
712 H Street NE #1880
Washington, DC 20002

6

Email: dem259@gmail.com
Phone: 484-326-4432

Plaintiff Pro Se

7