**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID MYTYCH, <br><br> *Plaintiff,* <br><br> v. <br><br> KEVIN L. GRIESS, *et al.*, <br><br> *Defendants*. | Civil Action No. 26-2332 (RDM) |

**ORDER**

This case came before the court on Plaintiff's motion for a temporary restraining order, Dkt. 3, which challenged on First Amendment grounds the National Park Service's (NPS) decision to deny in part and grant in part his application for a permit to protest "within meaningful sight and sound" of the Salute to America 250 event taking place on the National Mall on July 4, 2026. Dkt. 3 at 2; *see* Dkt. 3-2 at 3, 17. The NPS interpreted Plaintiff's permit application to request space "within [the] secure perimeter" of Salute to America 250, Dkt. 3-2 at 17, and rejected that location based on "the prior Freedom 250 permit, event infrastructure, anticipated attendance, and the National Security Special Event designation," Dkt. 3 at 2; *see* Dkt. 3-2 at 17–18. It then offered McPherson Square and Indiana Plaza, both several blocks from the event, as alternative sites. Dkt. 3 at 2; *see* Dkt. 3-2 at 18, 23. Plaintiff objected that neither proposed location was within meaningful sight or sound of Salute to America 250 and requested a location "as close as possible" to the event. Dkt. 3-2 at 20–22. In his complaint and motion for a TRO, Plaintiff reiterated that he did not want to enter any "restricted protective zone," Dkt. 3 at 2; *see* Dkt. 1 at 2 (Compl. ¶ 4), and requested a "demonstration location within meaningful sight and sound" of Salute to America 250, Dkt. 1 at 6.

In response to Plaintiff's motion, Defendants filed a declaration indicating that the Navy Memorial is also available as an alternative demonstration space.  Dkt. 8-3 at 3 (Richardson Decl. ¶ 9).  The Navy Memorial is closer to Salute to America 250 than McPherson Square or Indiana Plaza.  At the motion hearing held on July 2, 2026, *see* Min. Entry (July 2, 2026), the Court inquired about other potential sites that would satisfy Plaintiff's desire to be within meaningful sight and sound of Salute to America 250.  The parties identified only one other potential alternative: the Simón Bolívar Memorial.  However, the government represented that the Memorial would not be an appropriate demonstration site due to its role as a major point of egress, security checkpoint, storage location, and staging area for medical personnel for Salute to America 250.  July 2, 2026 Hrg. Tr. (Rough at 35–36).

Although the government may impose restrictions on "the time, place, or manner of protected speech," those restrictions "must be narrowly tailored to serve the government's legitimate, content-neutral interests" and "leave open ample alternative channels of communication."  *Ward v. Rock Against Racism*, 491 U.S. 781, 798, 802 (1989).  Here, Plaintiff's motion does not request a permit to protest within the perimeter of Salute to America 250, *see* Dkt. 3 at 2; Dkt. 1 at 2 (Compl. ¶ 4); July 2, 2026 Hrg. Tr. (Rough at 51), and the NPS's stated public health and safety concerns for rejecting the Simón Bolívar Memorial as an alternative site are substantial.  However, the government's original proposed demonstration sites of McPherson Square and Indiana Plaza are not narrowly tailored to its legitimate health and safety concerns.  In light of these facts and for the reasons stated on the record at the July 2, 2026, motion hearing, it is hereby **ORDERED** that Plaintiff's permit is **MODIFIED** to authorize him to demonstrate at the Navy Memorial at the time and in the manner approved by the NPS when it partially granted and partially denied his permit application on June 25, 2026.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  July 3, 2026